**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2507

TEOFILO C. MATIAS,

        Plaintiff - Appellant,

   v.

ELON UNIVERSITY,

        Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:17-cv-00398-LCB-LPA)

Submitted: June 28, 2019                                              Decided: July 22, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geraldine Sumter, FERGUSON, CHAMBERS & SUMTER, P.A., Charlotte, North Carolina, for Appellant. Beth Tyner Jones, Rebecca C. Fleishman, Raleigh, North Carolina, Richard L. Rainey, WOMBLE BOND DICKINSON (US) LLP, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teofilo C. Matias appeals the district court's order granting summary judgment on his employment discrimination complaint against Elon University ("Elon"), which employed him from 1999 to 2016. Matias alleged that, because of his Mexican heritage, Elon overlooked him for a promotion, in violation of 42 U.S.C. § 1981 (2012), and later terminated his employment, in violation of § 1981 and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018). Because we discern no evidence of pretextual motive for the contested employment actions, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Matias' allegations of prejudicial treatment largely focus on David Worden, a supervisor whose statements and actions underlie both discrimination claims. In 2005, when Matias asked whether his recent promotion to utility distribution serviceman came with a raise, Worden allegedly responded: "You don't know how to do the job. How can I give you a raise? The only thing you know how to do is make tacos." (J.A. 23-24).[1] In

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

2014, after Matias' immediate supervisor announced his retirement, Worden advertised the opening by word-of-mouth but did not inform Matias of the position. Worden eventually selected Mark Poole in August 2014, though Poole did not assume his new role until January 2015. Meanwhile, Matias learned of his supervisor's retirement and, in November 2014, expressed his interest in the position to Worden, who responded: "You guys, Mexicans, you want everything. You just want money." (J.A. 386). Finally, in February 2016, Worden heard from another Elon employee, Donnell Jeffries, that Matias had tried to kiss a coworker at work. Worden and Jeffries reported the incident to Elon's human resources department ("HR"). HR, in turn, confirmed the allegation, leading to Matias' termination for creating a hostile work environment.

To prevail on an employment discrimination claim, a plaintiff may either produce direct evidence of discrimination or proceed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018). "Direct evidence must be evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006) (internal quotation marks omitted).

With respect to his failure to promote claim, Matias contends that Worden's remarks in 2005 and 2014 constitute direct evidence of discrimination. However, the taco comment, made roughly nine years before Poole's promotion, was far too remote to constitute such evidence. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 512 (4th Cir. 1994) (finding two-year gap too remote). Even when considered in conjunction

with the taco comment, we conclude that the money comment, though objectionable, was the type of isolated statement that does not amount to direct evidence of discrimination. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 608 (4th Cir. 1999) ("[T]o prove discriminatory animus, the derogatory remark cannot be stray or isolated."), *abrogated on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101-02 (2003). Thus, we reject Matias' attempt to prove his claim with direct evidence.

Turning to the *McDonnell Douglas* framework, a plaintiff alleging discrimination bears "the initial burden of proving his . . . prima facie case by a preponderance of the evidence." *Abilt v. Cent. Intelligence Agency*, 848 F.3d 305, 315 (4th Cir. 2017). If the plaintiff makes this showing, "[t]he burden of production then shifts to the employer to . . . provide some legitimate, nondiscriminatory reason for the adverse employment action." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (internal quotation marks omitted). If the employer satisfies this requirement, "the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext for discrimination." *Id.*

Even assuming, as the district court found, that Matias satisfied his prima facie burden,[2] we conclude that Matias failed to establish pretext. In moving for summary

---

[2] To establish a prima facie case of discriminatory failure to promote, a plaintiff must demonstrate "that (1) [he] is a member of a protected group, (2) [he] applied for the position in question, (3) [he] was qualified for that position, and (4) the defendant[] rejected [his] application under circumstances that give rise to an inference of unlawful discrimination." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005); *see Williams v. Giant Food Inc.*, 370 F.3d 423, 430 & n.5 (4th Cir. 2004) (applying same test to claims under § 1981 and Title VII). Although Matias did not
(Continued)

4

judgment, Elon claimed that it selected Poole based on his experience maintaining custodial equipment and supervising others. On appeal, Matias contends that, because he had more experience in these two areas, a reasonable factfinder could infer that racial animus motivated Elon's decision to pick a less-qualified applicant. But to demonstrate pretext, Matias must "show[] that his qualifications [were] demonstrably superior" to Poole's, not that they were just "similar or only slightly superior." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 261-62 (4th Cir. 2006). Otherwise, the decision to promote Poole over Matias "remains vested in [Elon's] sound business judgment." *Id.* at 261.

Based on our review of their respective qualifications, we cannot agree that Matias was clearly better-suited than Poole for the supervisory position. And although Matias worked at Elon longer than Poole did, "[y]ears of experience . . . are not necessarily determinative of qualifications for a promotion." *Hall v. Forest River, Inc.*, 536 F.3d 615, 620 (7th Cir. 2008). Accordingly, we conclude that the district court properly awarded summary judgment to Elon on Matias' failure to promote claim.

We now turn to Matias' discriminatory discharge claim. "To establish a prima facie case of race discrimination under *McDonnell Douglas,* a plaintiff must demonstrate (1) membership in a protected class; (2) satisfactory job performance; (3) adverse

---

apply for the supervisor position, the district court correctly determined that such shortcoming was not fatal to Matias' claim. *Williams*, 370 F.3d at 431-32 (holding that employee satisfies second element by showing he would have applied for open position but for employer's failure to adequately announce job vacancy).

5

employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (internal quotation marks omitted). Here, we agree with the district court's determination that Matias failed to satisfy the fourth prong because his proffered comparator—a coworker who successfully weathered multiple investigations into workplace sexual misconduct—was not similarly situated. Specifically, not only was HR unable to confirm the complaints lodged against the comparator, but also the comparator, unlike Matias, was never accused of forcing himself on a coworker. *See Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223-24 (4th Cir. 2019) ("[T]o establish a valid comparator, the plaintiff must produce evidence that the plaintiff and comparator . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." (internal quotation marks omitted)).

Moreover, even if Matias could overcome this initial hurdle, his claim would fail because he has not established that the reason for his termination was merely pretext for discrimination. On this point, Matias argues that Worden's referral of the kissing complaint to HR tainted the ensuing investigation, thus undermining the conclusion that Matias created a hostile work environment. But unlike *Staub v. Proctor Hospital*, 562 U.S. 411 (2011), on which Matias heavily relies, here, there is no evidence suggesting that Worden manufactured the kissing incident, relayed the complaint out of racial animus, or otherwise influenced HR's investigation.

6

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*