UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:19-cv-00477-CCE-LPA

| | |
|---|---|
| THE ESTATE OF NAJEE ALI BAKER, by and through his Ancillary Administrator, Jemel Ali Dixon,<br><br>Plaintiff,<br><br>v.<br><br>WAKE FOREST UNIVERSITY, a North Carolina non-profit corporation and institution of higher education; *et al.*,<br><br>Defendants | **WAKE FOREST UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Wake Forest University ("WFU"),[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment as to all claims alleged in the Complaint of Plaintiff The Estate of Najee Ali Baker ("Plaintiff") on the grounds that there is no genuine issue of material fact and WFU is entitled to judgment as a matter of law. In support of this Motion, WFU shows the Court:

1. Plaintiff's Complaint asserts several claims against WFU styled as follows:

    a. Wrongful death pursuant to N.C. Gen. Stat. § 28A-18-2 (negligent conduct);

    b. Wrongful death pursuant to N.C. Gen. Stat. § 28A-18-2 (gross negligence); and,

---

[1] Including any Wake Forest University-related John Doe Defendants, addressed herein. The non-WFU-related parties initially named as Defendants (The Pi Omicron Chapter of Delta Sigma Theta Sorority, Inc; Rhino Sports & Entertainment Services, LLC; and John Doe Rhino Security Staff 1–2) were previously dismissed.

c. Wrongful death pursuant to N.C. Gen. Stat. § 28A-18-2 (*respondeat superior*/vicarious liability).

2. As explained in the accompanying Memorandum in support of this Motion, Plaintiff's claims against WFU fail as a matter of law.

3. First, Plaintiff cannot establish that the shooting of Plaintiff's decedent was reasonably foreseeable, thereby creating a duty to take action to protect guests on the subject property, a necessary element of each claim asserted against WFU. Second, Plaintiff has developed no admissible evidence of the applicable standard of care that a reasonable property owner would have conformed to, also a necessary element of each claim asserted against WFU. Third, Plaintiff has no evidence that any breach of the standard of care proximately caused the decedent's death, also a necessary element of each claim asserted against WFU. Accordingly, Plaintiff's causes of action against WFU fail as a matter of law for several independent and sufficient reasons.

4. Plaintiff's Complaint also asserts a claim under N.C. Gen. Stat. § 28A-18-2 against John Doe Officers of the Wake Forest University Police Department and John Doe Security Staff of the Wake Forest University Police Department (collectively "John Does").

5. Dismissal of Plaintiff's causes of action against the John Does is appropriate. First, Fed. R. Civ. P. 4(m) requires dismissal of a defendant who remains unserved ninety days after a complaint is filed, absent good cause. The John Does remain unserved more than twenty-four months after the filing of Plaintiff's Complaint. Further, Plaintiff's claims

against the John Does fail as a matter of law for the same reasons that the claims against WFU fail.

WHEREFORE, WFU prays the Court for an Order granting summary judgment dismissing this action with prejudice and for such other relief as the Court deems just and proper.

Respectfully submitted on May 26, 2021.

*/s/* Robert J. King III
Robert J. King III
rking@BrooksPierce.com
   N.C. State Bar No. 15946
Shana L. Fulton
sfulton@BrooksPierce.com
   N.C. State Bar No. 27836
Tanisha Palvia
tpalvia@BrooksPierce.com
   N.C. State Bar No. 43117
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
336.373.8850

William K. Davis
wdavis@belldavispitt.com
   N.C. State Bar No. 1117
Mark A. Jones
mjones@belldavispitt.com
   N.C. State Bar No. 36215
Andrew A. Freeman
afreeman@belldavispitt.com
   N.C. State Bar No. 41248
BELL, DAVIS & PITT
P.O. Box 21029
Winston-Salem, NC 27120
336.722.3700

*Counsel for Defendant Wake Forest University*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, on May 26, 2021.

*/s/* Robert J. King III
Robert J. King III
