IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THE ESTATE OF NAJEE ALI )
BAKER, by and through his Ancillary )
Administrator, Jemel Ali Dixon, )
                                                     )
          Plaintiff, )
                                                     )
     v. )          1:19-CV-477
                                                     )
WAKE FOREST UNIVERSITY, )
                                                     )
          Defendant. )

## **ORDER**

On January 19, 2018, Jakier Austin shot and killed Najee Baker on the Wake Forest University campus. Mr. Baker's estate has filed this wrongful death suit against the university. Because the plaintiff has not shown that a serious assault was reasonably foreseeable, the university's motion for summary judgment will be granted.

Under North Carolina law applicable in this diversity case, a property owner is not ordinarily liable for injuries to invitees resulting from intentional criminal acts of third persons unless the crime was reasonably foreseeable. *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013) (noting that "criminal acts of a third party are generally considered unforeseeable and independent, intervening causes absolving the defendant of liability") (cleaned up); *Brown v. N. Carolina Wesleyan Coll., Inc.*, 65 N.C. App. 579, 583, 309 S.E.2d 701, 703 (1983) (holding that "foreseeability of a criminal assault . . . determines a college's duty to safeguard its students from criminal acts of third persons").

It is undisputed that Mr. Austin's killing of Mr. Baker was an intentional criminal act. And the undisputed evidence shows that Mr. Baker's killing was not foreseeable.

The plaintiff has produced substantial evidence that Mr. Austin and Mr. Baker had both attended a party at The Barn, an on-campus event center; that each had left the party after having a physical altercation involving the two of them and others; and that the homicide occurred on a road leading to a parking lot. The plaintiff has also produced evidence that there were several fistfights and assaults during events at The Barn in the years leading up to Mr. Baker's death and that numerous people raised concerns over whether security precautions taken during events at The Barn were sufficient. But it is undisputed that:

- -- Before Mr. Austin's death there had never been a single homicide on the campus, nor had there been a previous shooting. Doc. 77-1 at ¶¶ 23-24, 27-28.

- -- In the three years before Mr. Baker's death, there had been three assaults on campus involving unlawful attacks for the purpose of inflicting severe or aggravated bodily injury; two involved fists and one involved a box cutter, and none occurred at or near The Barn. Doc. 77-1 at ¶¶ 33-34.

- -- No one had been arrested on campus for possession of a firearm in the two years before Mr. Baker's death, and the one arrest in 2015 involved a pistol discovered in a car after an automobile accident. Doc. 77-1 ¶¶ 36-37.

There is no evidence that anyone involved in any assaults or fights at the Barn ever required medical attention or hospitalization as a result.

2

On these facts, the plaintiff's evidence is insufficient as a matter of law to establish that Mr. Baker's killing was foreseeable. As in *Brown*, the plaintiff's evidence "does not show a repeated course of criminal activity" of the kind and extent giving rise to a particular duty upon Wake Forest. *Brown*, 65 N.C. App. at 583, 309 S.E.2d at 703; *see also Connelly v. Family Inns of Am., Inc.*, 141 N.C. App. 583, 588, 540 S.E.2d 38, 41 (2000). As the North Carolina Court of Appeals persuasively noted in an unpublished opinion, incidents different in nature from the criminal conduct at issue do not make a more serious assault foreseeable. *Roberts v. Mars Hill Univ.*, 254 N.C. App. 346, 802 S.E.2d 621, 622 (2017) (finding that three assaults in the same dorm and other incidents resulting in calls to campus security were "distinguishable from the attack on Plaintiff and do not constitute sufficient evidence of 'repeated incidents of criminal activity'" to establish foreseeability.).

The plaintiff contends that the number of physical altercations at The Barn put Wake Forest on notice of the possibility of violence at Barn events such that Wake Forest had a duty to protect attendees from "escalating" violence. As the plaintiff correctly points out, the prior criminal conduct need not be in the "exact form" of the injury at issue. *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 642, 281 S.E.2d 36, 40 (1981).

But foreseeability in this context is related to a number of factors and the lack of similar crimes is one of them. *Connelly*, 141 N.C. App. at 588, 540 S.E.2d at 41 (noting importance of location, type of prior crimes, and amount of criminal activity as guiding the foreseeability analysis). Without substantial similarity, as in *Liller v. Quick Stop*

*Food Mart, Inc.*, 131 N.C. App. 619, 624, 507 S.E.2d 602, 606 (1998) (finding evidence of shoplifting and gas drive-offs insufficient to show foreseeability of armed robbery in convenience store parking lot, but four assaults plus two prior armed robberies was sufficient), or a significant amount of criminal activity, as in *Foster,* 303 N.C. at 642, 281 S.E.2d at 40 (1981) (finding evidence of four to five assaults and 31 other incidents of criminal activity were sufficient to create a disputed question of material fact as to whether the assault on the plaintiff in the mall parking lot was foreseeable), an intentional criminal act by a third-party is not foreseeable. *See generally Roberts*, 254 N.C. App. 346, 802 S.E.2d at 622.

Here, there had never been an assault involving firearms anywhere on the campus, much less a homicide, and the general level of safety on campus was high. No physical altercations at The Barn had ever involved deadly weapons. When altercations occurred at The Barn, they generally involved shoving, fistfights, and crowd control issues. The evidence does not give rise to a disputed question of material fact as to foreseeability of an assault involving a dangerous weapon at the Barn, much less of a homicide involving a firearm.

Given the Court's decision on foreseeability, the Court need not reach the defendant's motion to exclude the testimony of the plaintiff's expert witness.

It is **ORDERED** that:

1. The defendant's motion for summary judgment, Doc. 76, is **GRANTED** and the plaintiff's claims will be dismissed with prejudice.

4

2. The defendant's motion to exclude the testimony and opinions of George Kirkham, Doc. 78, is **DENIED** as moot.

3. Judgment will be entered separately.

This the 5th day of August, 2021.

‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎_____
UNITED STATES DISTRICT JUDGE